# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| AGM, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>MENTAL HEALTH CENTER A, )<br>DOCTOR A, MEDICAL GROUP B, )<br>DOCTOR B, HOSPITAL C, )<br>    Defendants. ) | CAUSE NO.: 2:16-CV-25-PRC |

## OPINION AND ORDER

This matter is before the Court on a Motion to Seal Record and Proceed Anonymously [DE 4], filed by Plaintiff AGM on March 2, 2016; a Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [DE 28], filed by Mental Health Center A and Doctor A on May 10, 2016; a Motion to Dismiss Plaintiff's Complaint [DE 32], filed by Medical Group B and Doctor B on May 23, 2016; a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 34], filed by Hospital C on May 23, 2016; and a Motion for Summary Ruling [DE 42], filed by Hospital C on June 17, 2016. For the reasons set forth in this Opinion and Order, the motions are granted and all claims are dismissed without prejudice.

## MOTION TO SEAL

On January 21, 2016, Plaintiff filed her Complaint with this Court, with her full name in the caption. In the Motion to Seal Record and Proceed Anonymously, filed on March 2, 2016, Plaintiff asks the Court to "seal her identity" and to allow her to proceed anonymously by her initials.

Northern District of Indiana Local Rule 5-3 provides: "No document will be maintained under seal in the absence of an authorizing statute, Court rule, or Court order." N.D. Ind. L.R. 5-3(a). In the Seventh Circuit Court of Appeals, the general presumption is that judicial records are public,

but this can be overridden when "the property and privacy interests of the litigants . . . predominate in the particular case" such that "there is good cause for sealing a part or the whole of the record." *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *see also Forst v. SmithKline Beecham Corp.*, 602 F. Supp. 2d 960, 974 (E.D. Wis. 2009). The bar is quite high: "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat and requires rigorous justification" by the Court. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006).

Federal Rule of Civil Procedure 10 requires that a complaint name all of the parties. The Seventh Circuit Court of Appeals has "repeatedly voiced [its] disfavor of parties proceeding anonymously, as anonymous litigation runs contrary to the rights of the public to have open judicial proceedings and to know who is using court facilities and procedures funded by public taxes." *Doe v. Village of Deerfield*, 819 F.3d 372, 376-77 (7th Cir. 2016). Thus, in order to "proceed anonymously, a party must demonstrate 'exceptional circumstances' that outweigh both the public policy in favor of identified parties and the prejudice to the opposing party that would result from anonymity." *Id.* at 377 (citing *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997); *Doe v. City of Chicago*, 360 F.3d 667, 669-70 (7th Cir. 2004)).

Whether to allow a party to proceed anonymously is left to the district court's discretion. *Village of Deerfield*, 819 F.3d at 376. The Seventh Circuit Court of Appeals recognizes that, in some situations, a litigant's use of a fictitious name is warranted, such as protecting the identities of "'children, rape victims, and other particularly vulnerable parties.'" *Id.* at 377 (quoting *Blue Cross*, 112 F.3d at 872). Fear of a retaliation is also often a compelling ground in favor of anonymity. *Id.* (citing *City of Chicago*, 360 F.3d at 669); *see also Doe ex rel. Doe v. Elmbrook Sch. Dist.*, 658 F.3d

2

710, 721 (7th Cir. 2011) (affirming the use of fictitious names when plaintiffs, who were minor children and their parents, had legitimate fears of future retribution in a case involving religious freedom). In contrast, the Seventh Circuit Court of Appeals has found that a plaintiff's "fear of disclosure of his medical and psychiatric information through litigation was insufficient to warrant the plaintiff's anonymity." *Blue Cross*, 112 F.3d at 872.

Plaintiff, whose Complaint is based on an involuntarily confinement for suicide risk, argues that Defendants' actions related to her involuntary confinement violated her rights, and, thus, she is required to pursue the action to clear her name and her credit. She reasons that any search of her name for a background and security clearance check will identify this cause of action. Thus, she asks the Court to seal her identity because the relevant information is medical in nature and highly sensitive.

The Court finds that the request to seal the entire docket is not justified but that, under all the circumstances, maintaining Plaintiff and Defendants' anonymity on the public docket is justified. As set forth below, all of Plaintiff's claims are being dismissed. Although Plaintiff, pro se, initially filed her complaint with her full name, placing her identity in this lawsuit in the public realm, the fact that none of her claims will survive weighs in favor of anonymity given the sensitive nature of the mental health aspects of the factual allegations. The public's interest in understanding the resolution of this dispute will not be hindered, and the legal conclusions of this Opinion and Order will remain a part of the body of law issued from this Court. Also, it appears that Plaintiff should have brought her claims against Defendants as anonymous entities under the Indiana Medical Malpractice Act as all of the state law claims against Defendants fall within the scope of the Act.

3

Accordingly, the Court denies the motion as to the request to seal the record and grants the motion as to the request to proceed anonymously, finding that the case should proceed anonymously on the face of the docket as to all parties.

## PROCEDURAL BACKGROUND

On January 21, 2016, Plaintiff AGM filed a pro se Complaint, bringing claims under 42 U.S.C. §§ 1983, 1985, and 1986 and under Indiana state law and making the following allegations. Doctor B worked for Medical Group B and contracted with or was employed by Hospital C as an emergency room doctor. Doctor A was employed by Mental Health Center A. Plaintiff alleges that Hospital C, Medical Group B, and Doctor B formulated a plan to illegally involuntarily commit Plaintiff by detaining her and transferring her to Mental Health Center A in violation of her federal statutory and constitutional rights. She alleges that Mental Health Center A and Doctor A willfully participated in the plan. She alleges that all defendants were acting under color of state law.

Plaintiff alleges that, at the time of the incident, she was an 18-year-old sophomore at Valparaiso University. At approximately 11:30 p.m. on January 22, 2014, emergency personnel were contacted by Plaintiff's college dormitory resident assistant. Paramedics then transferred Plaintiff to Hospital C. The attending emergency room physician at Hospital C was Doctor B, who listed Plaintiff's chief complaint as a psychiatric evaluation, despite statements from Plaintiff that she was just sad. Doctor B decided to transfer Plaintiff, without her consent, to a psychiatric facility—Mental Health Center A. Plaintiff alleges the absence of any evidence indicating the required elements to involuntarily hold someone. The Physicians' Emergency Statement, signed by Doctor B, indicated that Plaintiff may harm herself; Plaintiff alleges that there was no direct evidence substantiating that finding.

At Mental Health Center A, Plaintiff maintained repeatedly that she was not suicidal or a harm to herself. Plaintiff alleges that Doctor A coerced Plaintiff, stating that Plaintiff would not be released until she admitted some nefarious intent and agreed to take medication and receive future treatment. Other employees of Mental Health Center A advised Plaintiff that the three-day involuntary confinement would run over the weekend and that she would be detained for five days. Plaintiff alleges that, fearing for her safety, academic performance, and employment, Plaintiff was forced to make untrue statements about her condition to satisfy the physicians at Mental Health Center A to secure her release. Plaintiff was discharged from Mental Health Center A on January 24, 2014, at 5:30 p.m., after approximately 40 hours of involuntary confinement. Plaintiff subsequently lost her only source of income (her employment). Plaintiff alleges that, having graduated with a degree, she is unable to utilize her degree and find a job due to the illegal, unwarranted, and false imprisonment in the mental health facility. She alleges that she has incurred substantial medical fees, costs, and damages.

Based on these facts, Plaintiff brings claims of false imprisonment, negligence, negligent supervision, assault, and medical malpractice under Indiana law, a violation of the Eighth Amendment to the United States Constitution, and a violation of procedural due process under the United States Constitution.

On March 2, 2016, Plaintiff filed a Motion to Seal Record and Proceed Anonymously. On May 10, 2016, Mental Health Center A, Doctor A, Medical Group B, and Doctor B filed a joint response and Hospital C filed a response separately. Plaintiff did not file a reply.

On May 10, 2016, Mental Health Center A and Doctor A filed a Motion to Dismiss, seeking dismissal of all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff

filed a response on May 27, 2016. Mental Health Center A and Doctor A filed a reply on June 2, 2016.

On May 23, 2016, Medical Group B and Doctor B filed a Motion to Dismiss, seeking dismissal of all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed a response on June 16, 2016. Medical Group B and Doctor B filed a reply on June 22, 2016.[1]

On May 23, 2016, Hospital C filed its Motion to Dismiss, also seeking dismissal of all of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff did not file a response. As a result, Hospital C filed a Motion for Summary Ruling on June 17, 2016. Plaintiff did not respond.

**DISMISSAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008). To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

---

[1] As Medical Group B and Doctor B note, Plaintiff's response brief was filed seven days late. However, in the interests of justice and in its discretion, the Court considers Plaintiff's response brief in ruling on the instant motion.

its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.

## ANALYSIS

Because all Defendants move for dismissal of all of Plaintiff's claims on the same grounds, the Court considers the motions jointly. Defendants seek dismissal of any § 1983 claims on the basis that Defendants are not state actors, the § 1985 and § 1986 claims because Plaintiff has not alleged membership in a protected class, and the state law claims for lack of subject matter jurisdiction based on a failure to submit a proposed complaint to the medical review panel. The Court considers each claim in turn.

### A. 42 U.S.C. § 1983

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that (1) she was deprived of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person or persons acting under the color of state law. *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Plaintiff alleges in her Complaint that all of the Defendants are state actors but alleges no facts in support.

Indiana law allows the involuntary detention of a person in a facility for no more than seventy-two hours after filing a written application for detention with that facility. *See* Ind. Code § 12-26-5-1(a); *see also Sherman v. Four Cnty. Counseling Ctr.*, 987 F.2d 397, 400 (7th Cir. 1993). The application must contain a statement by a physician that based on an examination or information given to the physician the individual may be mentally ill and either dangerous or gravely disabled. Ind. Code § 12-26-5-1(b)(2). The application need not be made by a police officer or state official. *Caldwell v. Gupta*, No. 2:15-CV-157, 2015 WL 2381356, at *2 (N.D. Ind. May 19, 2015) (citing

*Berryhill v. Parkview Hosp.*, 962 N.E.2d 685, 690-92 (Ind. Ct. App. 2012)). The Seventh Circuit Court of Appeals has held that initiating and pursuing detention and commitment proceedings does not make a private individual a state actor. *Spencer v. Lee*, 864 F.2d 1376, 1377 (7th Cir. 1989); *see also de Vryer v. Maryville Acad.*, 544 F. App'x 653, 654 (7th Cir. 2013) ("Private facilities and their employees do not engage in state action by virtue of their participation in this [civil commitment] process."); *Ridlen v. Four Cty. Counseling Ctr.*, 809 F. Supp. 1343, 1351 (N.D. Ind. 1992) (finding that a private physician and hospital were not state actors in receiving, treating, detaining, and discharging the patient). Although the court in *Spencer v. Lee* considered the involuntary commitment provision under Illinois law, the language of the Illinois code is similar to that of the Indiana code provisions cited by Plaintiff.

All of the Defendants are private business entities, as alleged by Plaintiff in her Complaint. In paragraphs 11 and 13, Plaintiff alleges that Mental Health Facility A is an Indiana corporation and that Doctor A is an employee of Mental Health Facility A. In paragraphs 8 and 9, Plaintiff alleges that Medical Group B is an Indiana limited liability company and that Doctor B is a member of Medical Group B. In paragraph 7, Plaintiff alleges that Hospital C is a Tennessee limited liability company registered as a foreign company in Indiana.

In her response briefs, Plaintiff discusses tests such as the public function test, the state compulsion test, and the nexus test that allow private actors to be considered state actors for purposes of a § 1983 claim. But Plaintiff offers no facts or analysis that would render these Defendants state actors under any of those theories. Rather, Plaintiff argues that Defendants did not obtain sufficient evidence to support the involuntary commitment as required. However, that argument goes to whether the involuntary commitment was proper and not whether Defendants were

state actors. Again, participating in the process of involuntarily admitting someone to a mental health facility does not result in a private actor becoming a state actor. *Spencer*, 864 F.2d at 1377.

Therefore, because Defendants are not state actors, Plaintiff has failed to state a claim against Defendants under 42 U.S.C. § 1983. The Court grants all three Motions to Dismiss as to the claims brought under § 1983.

### B. Sections 1985 and 1986

In the opening paragraph of her Complaint, Plaintiff alleges that she is bringing a claim under 42 U.S.C. §§ 1985 and 1986. To plausibly assert a conspiracy claim under 42 U.S.C. § 1985(3), which is the only subsection of § 1985 that applies in this case, a plaintiff must allege "(1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002); *see also Alexander v. City of South Bend*, 433 F.3d 550, 556-57 (7th Cir. 2006). Additionally, the plaintiff must show that the defendants acted out of some "class-based, invidiously discriminatory animus" and that the rights with which defendants have interfered are protected against private encroachment. *Green*, 281 F.3d at 665. To prevail on a claim under 42 U.S.C. § 1986, a plaintiff must establish the existence of a § 1985 claim. *Williams v. St. Joseph Hosp.*, 629 F.2d 448, 452 (7th Cir. 1980).

In paragraph 14 of her Complaint, Plaintiff alleges that Hospital C, Medical Group B, and Doctor B

> formulated a plan to illegally involuntarily commit Plaintiff by detaining her and transferring her to [Mental Health Center A] in violation of her federal statutory and constitutional rights. Upon information and belief, Defendants [Mental Health Center A and Doctor A] thereafter willfully participated in said plan in furtherance of the

9

> initial objective to detain Plaintiff in violation of her federal statutory and constitutional rights. All of the Defendants willfully participated and/or acted in concert to violate Plaintiff's constitutional rights, and committed an overt act in furtherance of said plan, causing damage to Plaintiff.

(Compl. ¶ 14).

Plaintiff does not allege in her Complaint nor does she identify in her response briefs any protected class of which she is a member. There are no allegations that any of the actions of any of Defendants was done with a class-based animus. In her response brief to the motion of Medical Group B and Doctor B, Plaintiff asserts that she is "in the protected class as a woman." (ECF 40, p. 12). However, in support, she cites cases finding gender-based discriminatory animus in relation to abortion clinic protests. There are no facts in either the Complaint or Plaintiff's response briefs that she was subject to the involuntary commitment process because of Defendants' animus toward her gender. Plaintiff asks the Court for leave to amend her Complaint to cure any deficiencies. The Court denies the request as Plaintiff has offered no facts to suggest that she could state a claim under § 1985 against these Defendants; any amendment would be futile. Thus, the Court grants the Motions to Dismiss as to the claims brought under § 1985 and § 1986.

### C. State Law Claims

With the dismissal or Plaintiff's federal claims, the Court must consider the jurisdictional posture of the state law claims. At a minimum, the Court has supplemental jurisdiction over the pendant state law claims under 28 U.S.C. § 1367. When a district court has only supplemental jurisdiction over remaining state claims, it may decline to exercise its jurisdiction over those claims if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[T]he presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims" when the federal claims are dismissed before trial. *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*,

599 F.3d 720, 727 (7th Cir. 2010) (citing 28 U.S.C. § 1367(c)(3)). A district court should exercise its discretion to relinquish jurisdiction over supplemental state law claims remaining after the dismissal of federal claims subject to three exceptions: "when the [refiling] of the state claims is barred by the statute of limitations; where substantial judicial resources have already been expended on the state claims; and when it is clearly apparent how the state claim is to be decided." *Williams v. Rodriguez*, 509 F.3d 392, 404 (7th Cir. 2007); *see also Dargis v. Sheahan*, 526 F.3d 981, 990 (7th Cir. 2008). Under the Indiana Medical Malpractice Act, the statute of limitations, which is two years, has expired. *See* Ind. Code § 34-18-7-1. Thus, entertaining the state law claims under the Court's supplemental jurisdiction, despite dismissal of the federal claims, is proper. And, as discussed more fully below, the Court has supplemental jurisdiction to decide the state law claims because it is apparent how the state claims are to be decided, namely that they should be dismissed.

There is also the possibility that the Court has original subject matter jurisdiction over the state law claims based on diversity jurisdiction. *See* 28 U.S.C. § 1332; *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316-1319 (7th Cir. 1997) (recognizing that a federal court may have concurrent federal question and diversity jurisdiction). First, the parties appear to be diverse. Plaintiff alleges that she is a citizen of the state of Nevada.[2] The Complaint alleges that Hospital C is a Tennessee limited liability company doing business in Indiana; Medical Group B is an Indiana limited liability company; Doctor B is a licensed physician in the State of Indiana; Mental Health Facility A is an Indiana corporation doing business in Indiana; and Doctor A is a licensed physician

---

[2] The citizenship of an individual is determined by her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile–that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

in the state of Indiana. However, there are no allegations as to Doctor A or Doctor B's citizenship, nor are there allegations as to the principal place of business of Mental Health Facility A, Medical Group B, or Hospital C. Thus, although it appears that Defendants are all citizens of Indiana and/or Tennessee, the allegations of the Complaint are insufficient to make a definite ruling. Plaintiff alleges that the amount in controversy exceeds $75,000.00, and she seeks damages for physical and mental pain and suffering, lost present and future income, loss of liberty, loss of enjoyment of life, and both past and future medical and psychological expenses. Thus, it appears that the amount in controversy requirement is met.

Thus, the Court either has original jurisdiction to hear the state law claims based on diversity of citizenship or, if diversity does not exist, the Court nevertheless has supplemental jurisdiction over the claims.

Plaintiff's Complaint brings state law claims of false imprisonment (Count One), negligence (Count Two), negligent supervision by the hospital Defendants (Count Three), assault (Count Four), and medical malpractice (Count Seven). All of these counts arise out of her treatment during the events of January 22, 2014, through January 24, 2014, beginning with her arrival at Hospital C, continuing through her involuntary commitment, and ending with her discharge from the involuntary commitment. In support of these state law claims, Plaintiff cites Indiana Code § 12-26-5-1, which sets out the requirements for involuntary commitment, and alleges that her case did not meet those requirements based on her medical records and unidentified affidavits.

Defendants argue that the state law claims should be dismissed for failure to comply with the requirements of the Indiana Medical Malpractice Act (hereafter "the Act"). In Indiana, the Act defines "health care" as any "act or treatment performed or furnished, or that should have been

12

performed or furnished, by a health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." Ind. Code § 34-18-2-13. The Act defines "malpractice" as "a tort or breach of contract based on health care or professional services that were provided, or that should have been provided, by a health care provider, to a patient." Ind. Code § 34-18-2-18. The Act is understood by Indiana courts to have an expansive definition and to cover "curative or salutary conduct of a health care provider acting within his or her professional capacity, but not conduct unrelated to the promotion of a patient's health or the provider's exercise of professional expertise, skill, or judgment." *Howard Reg'l Health Sys. v. Gordon*, 952 N.E.2d 182, 185 (Ind. 2011) (citations and internal quotation marks omitted).

Indiana courts have applied the Act to bar cases involving torts that do not "look like traditional medical malpractice," ruling that the Act applies to all torts or breaches of contract stemming from the health care provider exercise of professional expertise, skill, or judgment. *See Terry v. Cmty. Health Network, Inc.*, 17 N.E.3d 389, 393 (Ind. Ct. App. 2014) (finding a claim of breach of duty to fall within the Act but that the Act did not apply to a claim of intentional infliction of emotional distress); *see also Popovich v. Danielson*, 896 N.E.2d 1196, 1201-03 (Ind. Ct. App. 2008) (applying the Act to claims of assault and battery, defamation, breach of contract, and fraud); *M.V. v. Charter Terre Haute Behavioral Health Sys., Inc.*, 712 N.E.2d 1064, 1066 (Ind. Ct. App. 1999) (holding that the Act applied to a claim of false imprisonment during treatment while on suicide watch); *Putnam County Hosp. v. Sells*, 619 N.E.2d 968, 971 (Ind. Ct. App. 1993) (holding that the hospital's failure to supervise its staff properly was a medical malpractice action rather than ordinary negligence).

Other courts have found that a health care provider's actions fall outside the Act when the actions are "demonstrably unrelated to the promotion of the plaintiff's health or an exercise of the provider's professional expertise, skill, or judgment." *Howard Reg'l Health Sys.*, 952 N.E.2d at 186 (citing *Kuester v. Inman*, 758 N.E.2d 96 (Ind. Ct. App. 2001); *Collins v. Thakkar*, 552 N.E.2d 507, 510 (Ind. Ct. App. 1990).

In this case, all of Plaintiff's state law claims arise from Plaintiff's treatment by the doctors and hospitals or the supervision of those doctors related to Plaintiff's involuntary commitment, all of whom Plaintiff alleges were at fault in their professional expertise, skill, or judgment. Her claim of false imprisonment alleges that Defendants breached the duty of reasonable care not to deprive her of personal liberty because they did not have a proper medical basis for detaining her. The negligence claim alleges that Hospital C and Medical Group B negligently supervised Doctor B in his actions leading to Plaintiff's involuntary commitment. In the assault claim, Plaintiff alleges that Defendants assaulted her by involuntarily committing her without justification. Finally, the medical malpractice claim alleges that Defendants breached the duty of reasonable care when Plaintiff was involuntary committed. Therefore, all of Plaintiff's claims are medical malpractice claims that fall under the requirements of the Act.

With one exception not applicable in this case, a claimant may not commence an action against a health care provider in a court in Indiana without first presenting the proposed complaint to the medical review panel and before receiving an opinion from the panel. *See* Ind. Code § 34-18-8-4; *but see* Ind. Code § 34-18-8-5 (allowing claim to skip the medical review board if agreed upon by all Defendants in writing). Until the litigant receives an opinion from the medical review panel, "[t]he trial court lacks jurisdiction to hear and adjudicate the claim," and must dismiss the

claim. *Terry*, 17 N.E.3d at 393 (quoting *Stafford v. Szymanowski*, 13 N.E.3d 890, 897 (Ind. Ct. App. 2014)); *see also Hubbard v. Columbia Women's Hosp. of Indianapolis*, 807 N.E.2d 45, 51-52 (Ind. Ct. App. 2004). A complaint and lawsuit must also anonymize the parties, so as to not defame parties and preserve their reputations should a complaint be unfounded; failure to do so can also result in dismissal of the lawsuit. *See Kho v. Pennington*, 875 N.E.2d 208, 214-16 (Ind. 2007). The Act applies to claims filed in federal court, including the requirement that the plaintiff first file the proposed complaint with the medical review panel. *Hines v. Elkhart Gen. Hosp.*, 465 F. Supp. 421, 423-26 (N.D. Ind. 1979), *aff'd*, 603 F.2d 646 (7th Cir. 1979).

Because all of Plaintiff's state law claims are covered under the Act, Plaintiff was required to submit her proposed complaint to the medical review board and receive an opinion before filing a lawsuit. *See Howard Regl. Health Sys.*, 952 N.E.2d at 185-86. There are no allegations in Plaintiff's Complaint or her response briefs that she filed a complaint with the medical review board or received an opinion from the medical review board. Because Plaintiff did not submit the state law claims to the medical review board, the Court does not have subject matter jurisdiction over the state law claims. Dismissal of all of the state law claims is granted.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS in part** and **DENIES in part** the Motion to Seal Record and Proceed Anonymously [DE 4]; **GRANTS** the Motion to Dismiss Pursuant to F.R.C.P. 12(b)(6) [DE 28]; **GRANTS** the Motion to Dismiss Plaintiff's Complaint [DE 32]; **GRANTS** the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [DE 34]; and **GRANTS** the Motion for Summary Ruling [DE 42].

The Court **DIRECTS** the Clerk of Court to modify the docket:

(1) to name Plaintiff in the caption by the initials AGM;

(2) to change each instance of Plaintiff's full name on the face of the docket to the initials AGM;

(3) to change the name of each Defendant in order in the caption of the docket as follows, skipping the John Does:

Hospital C,
Medical Group B,
Doctor B,
Mental Health Center A,
Doctor A; and

(4) to change each instance of any Defendants' full name elsewhere in the caption or on the face of the docket to the corresponding anonymous name listed in (3).

The Court **DISMISSES** all of Plaintiff's claims without prejudice.

SO ORDERED this 6th day of October, 2016.

                                           s/ Paul R. Cherry
                                           MAGISTRATE JUDGE PAUL R. CHERRY
                                           UNITED STATES DISTRICT COURT

cc: Pro se Plaintiff